IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
Civil No. 5:18-cv-00040-RJC

| | |
|---|---|
| EBONY NICHOLE BAILEY, ) ) Plaintiff, ) ) v. ) ) NANCY A. BERRYHILL, ) Acting Commissioner of Social ) Security, ) ) Defendant. ) | ORDER |

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 10), and Defendant's Motion for Judgment on the Pleadings, (Doc. No. 12). The motions are ripe for adjudication.

I. BACKGROUND

A. Procedural Background

Ebony Nichole Bailey ("Plaintiff") seeks judicial review of Nancy A. Berryhill's ("Defendant" or "Commissioner") denial of her social security claim. Plaintiff filed an application for Disability Insurance under Title II and Supplemental Security Income under Title XVI of the Social Security Act ("SSA") on July 17, 2012. (Doc. Nos. 9 to 9-1: Administrative Record ("Tr.") at 154.) Her applications were denied first on September 10, 2012, (Tr. 173), and upon reconsideration on February 11, 2013, (Tr. 184, 188). Plaintiff timely filed a request for a hearing on April 9, 2015, (Tr. 154), and an administrative hearing was held by an administrative law judge ("ALJ") on

August 19, 2014, (Tr. 207). Following this hearing, the ALJ found that Plaintiff was not disabled under the SSA. (Tr. 151–68.) Plaintiff requested a review of the ALJ's decision, and on May 5, 2016, the Appeals Council granted Plaintiff's request for review, vacated the hearing decision, and remanded the case for further proceedings. (Tr. 169–72.)

After remand, an administrative hearing was held by the ALJ on May 2, 2017. (Tr. 265.) Following this hearing, the ALJ found that Plaintiff was not disabled under the SSA. (Tr. 7–20.) Plaintiff requested a review of the ALJ's decision, but on January 11, 2018, the Appeals Council denied Plaintiff's request for review. (Tr. 1.) Having exhausted her administrative remedies, Plaintiff now seeks judicial review of Defendant's denial of her social security claim in this Court.

B.    Factual Background

The question before the ALJ was whether Plaintiff was disabled under Sections 216(i), 223(d), and 1614(a)(3)(A) of the SSA. (Tr. 10.) To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the SSA.[1] Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). Plaintiff alleges that her disability began on July 2, 2012 due to physical impairments.

---

[1] Under the SSA, 42 U.S.C. § 301, et seq., the term "disability" is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

After reviewing Plaintiff's record and conducting a hearing, the ALJ found that Plaintiff did not suffer from a disability as defined in the SSA. (Tr. 19.) In reaching his conclusion, the ALJ used the five-step sequential evaluation process established by the Social Security Administration for determining if a person is disabled. The Fourth Circuit has described the five-steps as follows:

> [The ALJ] asks whether the claimant: (1) worked during the purported period of disability; (2) has an impairment that is appropriately severe and meets the duration requirement; (3) has an impairment that meets or equals the requirements of a listed impairment and meets the duration requirement; (4) can return to her past relevant work; and (5) if not, can perform any other work in the national economy.

Radford v. Colvin, 734 F.3d 288, 290–91 (4th Cir. 2013) (paraphrasing 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4)). The claimant has the burden of production and proof in the first four steps. Pearson v. Colvin, 810 F.3d 204, 207 (4th Cir. 2015). However, at the fifth step, the Commissioner must prove that the claimant is able to perform other work in the national economy despite her limitations. See id.; see also 20 C.F.R. § 416.960(c)(2) (explaining that the Commissioner has the burden to prove at the fifth step "that other work exists in significant numbers in the national economy that [the claimant] can do").

In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 18–19.) In reaching his decision, the ALJ first concluded at steps one through three that Plaintiff was not employed, that she suffered from severe physical

impairments,[2] and that her impairments did not meet or equal any of the impairments listed in the Administration's regulations. (Tr. 12–13.) Therefore, the ALJ examined the evidence of Plaintiff's impairments and made a finding as to Plaintiff's Residual Functional Capacity ("RFC"). In pertinent part, the ALJ found that Plaintiff "has the [RFC] to perform sedentary work . . . except she needs a sit/stand option wherein she can change positions every hour without going off task more than 10%. She can occasionally perform posturals." (Tr. 14.) Having established Plaintiff's RFC, the ALJ concluded that Plaintiff could not perform the work in which she had previously been employed. (Tr. 18.) Therefore, the ALJ proceeded to the fifth and final step of the process: determining whether, given the limitations embodied in her RFC, Plaintiff could perform any work that existed in significant numbers in the national economy. (Tr. 18–19.) To make that determination, the ALJ relied on the testimony of a Vocational Expert ("VE"). The VE testified that Plaintiff could perform three jobs that existed in significant numbers in the national economy: "call out operator,"[3] "charge account clerk,"[4] and "addresser."[5] (Tr. 19.) According to the DOT, all of these jobs involve "sedentary work." The ALJ accepted the VE's testimony and concluded that Plaintiff's

---

[2] The severe impairments the ALJ determined Plaintiff suffered from were cauda equine syndrome (CES) s/p discectomy, constipation, bladder disorder, and obesity. (Tr. 13.)
[3] DOT 237.367-014, 1991 WL 672186.
[4] DOT 205.367-014, 1991 WL 671715.
[5] DOT 209.587-010, 1991 WL 671797.

4

impairments did not prevent her from working; consequently, Plaintiff's applications for Title II and Title XVI benefits were denied. (Tr. 18–19.)

## II. STANDARD OF REVIEW

The Court must decide whether substantial evidence supports the final decision of the Commissioner and whether the Commissioner fulfilled her lawful duty in her determination that Plaintiff was not disabled under the Social Security Act. See 42 U.S.C. §§ 405(g), 1382(c).

The SSA, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards, Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The district court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972). As the SSA provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, the Fourth Circuit noted that "substantial evidence" has been defined as being "more than a scintilla and [do]ing more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401); see also Seacrist v. Weinberger, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the

responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence . . . .").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again or substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays, 907 F.2d at 1456; see also Smith, 795 F.2d at 345; Blalock, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

Plaintiff alleges that that the ALJ made two errors: (1) the ALJ failed to perform a function-by-function assessment of Plaintiff's impairments and provide a logical bridge between the evidence and the ALJ's conclusions regarding Plaintiff's RFC; and (2) the ALJ failed to properly account for the limiting effects of Plaintiff's bladder and bowel issues in Plaintiff's RFC. The Court disagrees with both of Plaintiff's allegations of error and addresses each in turn.

> A. **The alleged failure of the ALJ to conduct a function-by-function analysis does not require remand, and the ALJ built a logical bridge from the evidence to her conclusions.**

According to Social Security Ruling 96-8p, the ALJ must assess a claimant's work-related abilities on a function-by-function basis and include a narrative discussion explaining how the evidence supports each conclusion, citing specific medical facts and nonmedical evidence. SSR 96-8p, 1996 WL 374184, at *1, *7. When

6

a narrative discussion is missing, and a meaningful factual development is lacking, district courts may not mine facts from the record to later construct a logical bridge. Marshall v. Colvin, No. 3:14-cv-00608, 2016 WL 1089698, at *2 (W.D.N.C. Mar. 21, 2016) (citing Brown v. Colvin, No. 14-2106, 2016 WL 502918, at *2 (4th Cir. Feb. 9, 2016)). There is no per se rule requiring remand for failure to perform an explicit function-by-function analysis; rather, "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015).

As an initial matter, the basis for Plaintiff's contention that the ALJ failed to perform a function-by-function analysis is not clear. Plaintiff merely inserts this contention into her first argument heading without further elaboration in the text thereunder. (Doc. No. 11, at 6–12.) Plaintiff does not indicate any relevant function that she contends the ALJ failed to assess; instead, Plaintiff makes the conclusory statement that the ALJ's failure to perform a function-by-function analysis prevents meaningful review. (Id. at 15–16.) The Court disagrees.

The ALJ made implicit findings as to Plaintiff's ability to stand, walk, sit, lift, and carry by restricting Plaintiff to "sedentary work," which sets limits on each of these functions:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in

7

> carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a). The ALJ's implicit findings are further demonstrated by the incorporation into Plaintiff's RFC of "a sit/stand option wherein she can change positions every hour without going off task more than 10%." (Tr. 14) See Reiser v. Colvin, No. 5:14-cv-850, 2016 WL 11430718, at *9–10 (E.D.N.C. Jan. 26, 2016) (concluding that the ALJ made implicit findings as to plaintiff's ability to stand, walk, sit, lift, and carry by restricting plaintiff to light work and, thus, performed an adequate function-by-function analysis), adopted by 2016 WL 1183092 (E.D.N.C. Mar. 28, 2016).

Further, contrary to Plaintiff's contention, the ALJ built a logical bridge from the evidence to her conclusions. The ALJ set forth Plaintiff's testimony regarding her impairments, pain, and other symptoms. (Tr. 14–15.) The ALJ then explained in detail why she found Plaintiff's statements to be not credible, as well as the evidence on which she based her RFC conclusions. With respect to Plaintiff's back pain and her difficulty with standing and walking, the ALJ pointed to, among other evidence, medical records by Plaintiff's treating physician documenting Plaintiff was able to ambulate well, had no difficulty with sit to stand, and was able to stand without any difficulty. (Id. at 15.) The ALJ cited to additional medical records documenting Plaintiff was "quite satisfied" with her pain medication, did not want a change in dosage, and although pain could radiate to her right buttocks, Plaintiff felt this was "satisfactorily controlled." (Id.) The ALJ then explained:

> [Plaintiff]'s limited use of pain medication, failure to sustain any consistent regimen for treatment of pain, and lack of hospitalizations or emergency room visits for pain demonstrates that [Plaintiff]'s allegations are not fully substantiated by the documentary evidence. Any lingering back discomfort is addressed by a limitation to sedentary work with only occasional performance of postural activities.

(Id. at 16.)

With respect to Plaintiff's bladder issues, the ALJ cited to evidence that Plaintiff's bladder issues were "not significant" in November 2012, Plaintiff's bladder issues were not "affecting her in a negative way" in July 2013, Plaintiff "denied any specific bladder symptoms in April 2015," and Plaintiff was "in and out" with catheterizations without any urinary tract infections in August 2015. (Id.) The ALJ then explained: "Overall, the record shows [Plaintiff] has had some bladder problems, but that she has been able to go about her daily activities without reporting much interference by them." (Id.)

With respect to Plaintiff's bowel issues, the ALJ cited to evidence demonstrating how the intensity, persistence, and limiting effects of these issues changed over time. (Id.) For example, "Plaintiff reported having bowels every 2 weeks in October 2012, but then two months later, she stated she went about every 3 days or so and used an enema once a week." (Id.) The ALJ then explained: "Overall, the record shows that her difficulty has waxed and waned, but there were not significant reports of discomfort causing interference in her activities of daily living . . . ." (Id. at 17.)

9

With respect to Plaintiff's obesity, the ALJ found that it "could limit her ability to perform strenuous activities, such as heavy lifting, which [was] addressed in the [RFC]." (Id.)

In addition, the ALJ adequately explained why she gave no weight to two statements by Dr. Thomas, M.D. On July 3, 2014, Dr. Thomas stated "[w]ith [Plaintiff's] abdominal bloating and significant constipation as [sic] also the need for catheterization frequently, I do not see how she can get gainful employment." (Id. at 590.) On July 23, 2014, Dr. Thomas similarly stated Plaintiff "is unable to return to work and is permanently disabled related to her primary diagnosis." (Id. at 586.) The ALJ explained that the issues of whether Plaintiff is disabled and unable to work are reserved to the Commissioner and, thus, the ALJ gave these statements no weight. (Id. at 17); 20 C.F.R. §§ 404.1527(d), 416.927(d); Pascoe v. Astrue, No. 1:11-cv-226, 2012 WL 3528054, at *3 (W.D.N.C. July 23, 2012) ("Statements by medical sources that a patient is disabled, unable to work, or meets the listing requirements are not medical issues, but are administrative findings reserved for the Commissioner.").

Thus, the Court concludes that the ALJ adequately identified the evidence supporting her conclusions and built a logical bridge from that evidence to her conclusions. Although Plaintiff argues that the evidence directs a different conclusion, "it is not our province to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the [ALJ.]" Radford, 734 F.3d at 296 (quotation marks omitted) (alteration in original).

B.   **Substantial evidence supports the ALJ's decision.**

Plaintiff argues that the ALJ's decision is not supported by substantial evidence because the ALJ failed to properly account for the limiting effects of Plaintiff's bladder issues, bowel issues, and pain medications. (Doc. No. 11, at 12–16.) The Court disagrees.

As discussed above, the ALJ set forth in detail the evidence on which she relied in concluding that Plaintiff's bladder and bowel issues did not significantly interfere with Plaintiff's activities of daily living, and the evidence adequately supports her conclusions. Moreover, "the finding at step two that Plaintiff has a severe impairment . . . does not require the ALJ to include any limitations from such impairment when stating the Plaintiff's RFC." Carver v. Colvin, No. 1:13-cv-13, 2015 WL 4077466, at *4 (M.D.N.C. July 6, 2015). "The determination of a 'severe' impairment at step two of the sequential evaluation process is a *de minimis* test, designed to weed out unmeritorious claims. A finding of *de minimis* limitations is not proof that the same limitations have the greater significant and specific nature required to gain their inclusion in an RFC assessment at step four." Hughes v. Astrue, No. 1:09-cv-459, 2011 WL 4459097, at *10 (W.D.N.C. Sept. 26, 2011) (citation omitted).

Plaintiff's argument that the ALJ's decision is not supported by substantial evidence because the ALJ failed to account for side effects from Plaintiff's pain medications is without merit. The only supporting evidence Plaintiff cites to is Plaintiff's testimony that the medication "makes [her] sleepy." (Doc. No. 11, at 15

11

(citing Tr. 63).) "[T]here is no rigid requirement that the ALJ specifically refer to every piece of evidence in [her] decision[,]" and Plaintiff fails to demonstrate that the record supports inclusion of a limitation for medication side effects. Reid v. Comm'r of Soc. Sec., 769 F.3d 861, 865 (4th Cir. 2014).

## IV. CONCLUSION

In sum, the Court finds that substantial evidence supports the ALJ's decision, and the ALJ adequately identified the evidence supporting her conclusions and built a logical bridge from that evidence to her conclusions.

**IT IS THEREFORE ORDERED THAT:**

1. Plaintiff's Motion for Summary Judgment, (Doc. No. 10), is **DENIED**;

2. Defendant's Motion for Judgment on the Pleadings, (Doc. No. 12), is **GRANTED**; and

3. The Clerk of Court is directed to close this case.

Signed: September 4, 2019

Robert J. Conrad, Jr.
United States District Judge